# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TIARA SHIELDS, | ) | CASE NO. 5:19-cv-2287 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CSBC, INC. d/b/a CENTRALIZED | ) | **AND ORDER** |
| BUSINESS SOLUTION COMPANY f/k/a | ) | |
| CREDIT BUREAU OF STARK COUNTY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim. (Doc. No. 4.) Plaintiff filed a response (Doc. No. 8) and defendant filed a reply (Doc. No. 9). For the reasons set forth herein, defendant's motion is denied without prejudice, as explained below.

## I.      BACKGROUND

Plaintiff Tiara Shields ("Shields") filed a complaint alleging that defendant CBSC[1] violated the Fair Debt Collection Practices Act ("FDCPA") by failing to report that an alleged debt was disputed. She alleges, in relevant part, as follows:

> 5.      Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff . . . in the amount of $169.00[.]

> 6.      Plaintiff disputes the alleged Debt.

> 7.      On March 25, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosure and noticed Defendant reporting the alleged Debt.

---

[1] The complaint names the defendant as "CSBC, Inc. d/b/a Centralized Business Solutions Company f/k/a Credit Bureau of Stark County." Presumably, the abbreviation of CSBC, rather than CBSC, is a typographical error. The Court will use the correct acronym.

8.  On or about May 24, 2019, Plaintiff sent Defendant a letter disputing the alleged Debt.

9.  On July 9, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Defendant failed or refused to flag the account reflected by the alleged Debt as disputed, in violation of the FDCPA.

* * *

11.  Defendant had more than ample time to instruct Experian, Equifax, and Trans Union to flag its trade line as Disputed.

12.  Defendant's inaction to have its trade line on Plaintiff's credit reports flagged as disputed was either negligent or willful.

* * *

18.  Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

a.  15 U.S.C. § 1692e(8) by communicating to any person credit information which is known to be false or which should be known to be false, including failure to report a disputed debt as disputed.

(Doc. No. 1, Complaint ["Compl."].) Shields claims that she has "suffered pecuniary and emotional damages[,]" and that her "credit report continues to be damaged due to Defendant's failure to properly report the associated tradelines." (*Id.* ¶ 13.)

CBSC argues in its motion that it is entitled to dismissal because the FDCPA "imposes no duty on CBSC to notify CRAs [credit reporting agencies] that Plaintiff's debt was disputed subsequent to [the] initial reporting of the debt to CRAs." (Mot. at 23.[2]) According to defendant, "[s]ince Plaintiff has made no allegations in her Complaint that CBSC had knowledge or should have had knowledge that the debt was disputed when reporting the debt to the CRAs, Plaintiff cannot succeed on her claim." (*Id.* at 26.)

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

Shields agrees there is no duty to update an initial report; but she argues in opposition that, if the debt collector makes a subsequent report after receiving the consumer's dispute, that subsequent report must include the fact that there is a dispute. (Opp'n at 37.) This, she claims, is where CBSC failed. Shields attached to her opposition brief a redacted document from "Credit Karma" titled "Tiara Shields's Credit Report Provided by TransUnion" and "Reported as of July 09, 2019[.]" (Doc. No. 8-2.) The report shows the $169 debt to Dr. Thomas Svete and indicates it was "Last Reported July 01, 2019." (*Id.* at 62.) This was *after* plaintiff's May 24, 2019 letter of dispute.

In reply, CBSC asserts that the exhibit submitted by plaintiff, as a matter outside the pleadings, may not be considered on a motion to dismiss and is, therefore, irrelevant to the Court's analysis. (Reply at 63.) It argues that "[n]owhere in [the] Complaint does it state that CBSC made a **new** communication to CRAs on July 1, 2019." (*Id.* at 64.)

## II.  DISCUSSION

### A.  Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### B.     Analysis

As a threshold matter, the Court must determine whether it may consider the document attached to plaintiff's opposition brief, allegedly a TransUnion credit report dated July 9, 2009.

> While "[a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings," *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citation omitted), [the Court] may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

*Bartlett v. Washington*, -- F. App'x --, 2019 WL 6522168, at *2 (6th Cir. Dec. 4, 2019).

The Court concludes that it may consider the document for purposes of the motion to dismiss, as the document is referenced in ¶ 9 of the complaint. In the complaint, Shields alleges that she initially obtained her TransUnion credit report on March 25, 2019 and noted the debt, which she disputed in writing on May 24, 2019. (Compl. ¶¶ 7–8). She further alleges that, on July 9, 2019, which was after she disputed the debt, *she again obtained her TransUnion credit report*

4

and discovered that the debt had not been flagged by CBSC. (*Id.* ¶ 9, emphasis added.) The document attached to plaintiff's opposition seems to support this latter allegation—namely, that *after* May 24, 2019, CBSC reported the debt to TransUnion on July 1, 2019, without indicating it was disputed.

The Court concludes that the complaint should have been drafted with more care to reflect the complete factual basis for the claim as more fully and clearly explained by the plaintiff in her response. Had plaintiff done so, she might have avoided this motion practice early in the case because, as clarified, the allegations appear to be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.    CONCLUSION

For the reasons set forth herein, plaintiff shall have one week to file an amended complaint to clarify her allegations as explained in her response. The defendant has two weeks to move or otherwise plead with respect to the amended complaint.  Failure of the plaintiff to file an amended complaint as set forth herein will result in dismissal for failure to prosecute.

**IT IS SO ORDERED**.

Dated: February 24, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5